Samuel I. BOWEN, Jr.,

v.

Anthony CELEBREZZE, Secretary of Health, Education and Welfare for the United States of America.

Civ. A. No. 9057.

United States District Court
W. D. Louisiana,
Shreveport Division.

June 6, 1963.

See also D.C., 250 F.Supp. 44.

Richard B. Williams, Watson, Williams & Brittain, Natchitoches, La., for plaintiff.

Edward L. Shaheen, U. S. Atty., and Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

BEN C. DAWKINS, Jr., Chief Judge.

■ This suit, filed under the provisions of 42 U.S.C.A. § 405(g), seeks a review of the adverse determination by the Secretary of Health, Education and Welfare of plaintiff's claim for disability social security benefits. The statute provides that the Secretary's basic findings of fact are final when supported by substantial evidence. The Secretary's ultimate findings, as a matter of law, are not binding on the Court. Seldomridge v. Ribicoff, 204 F.Supp. 707 (D.C.E.D.Pa., 1962).

The Hearing Examiner, whose findings were adopted by the Secretary, concluded that the claimant was not suffering from such a disability as to prevent him from engaging in any substantial gainful activity. In addition to this ultimate or statutory finding,* the Hearing Examiner made several basic findings of fact.

The first factual conclusion of the Hearing Examiner appears at page seventeen of the transcript. He says,

> " * * * It may be conceded that the claimant does suffer some inconvenience, particularly in the low back pain, which appears to be caused from a congenital spondylolisthesis defect of the lumbar spine or from the prostatic disorder, or from a combination of these impairments. * * *"

The legal standard used to determine whether the pain was disabling within the meaning of the statute was that given by Judge Learned Hand in Theberge v. United States, 87 F.2d 697 (C.A.2, 1937). There Judge Hand stated:

> " * * * A man may have to endure discomfort or pain and may not be totally disabled; much of the best work of life goes on under such disabilities * * *. The only work available to the insured must do more than hurt, it must substantially aggravate his malady."

---

* In 2 Davis, Administrative Law Treatise, § 16.06, "Ultimate Facts and Basic Facts," the distinction between a basic finding and ultimate or statutory finding is clearly drawn. Davis says:

"Facts might theoretically be lined up on a scale from the most specific to the most general. At one end is each statement of each witness, then a summary of the testimony of each witness, then a summary of the testimony and other evidence on each side, then the basic findings * * *."

This standard of disability has been rejected as being contrary to the purpose of the Act. In Butler v. Flemming, 288 F.2d 591 (C.A.5, 1961), it was said:

"If, as suggested in the Government's brief, Hallard v. Fleming, D.C.W.D.Ark., 1958, 167 F.Supp. 205, and Judge Learned Hand's statements in Theberge v. United States, 2 Cir., 1937, 87 F.2d 697, 698, concerning a different statute enacted for a different policy in a different era, are to stand for the proposition that pain, no matter how severe, is not disabling unless work does 'more than hurt' so that it 'substantially aggravate[s] his malady,' 87 F.2d at page 698, we regard them as contrary to the standard announced in Booker and Kerner and many others like them. Perhaps it is true that history teaches that 'A man may have to endure discomfort or pain and not be totally disabled; much of the best work of life goes on under such disabilities * * *.' But the purpose of much social security legislation is to ameliorate some of these rigors that life imposes. Congress has in effect stated that if a person is unable except under great pain to engage in any substantial gainful activity in which he might be employable, taking into consideration his age, training, work experience and physical and mental capacities, he shall be deemed to be disabled for the purposes of this Act."

■ The Hearing Examiner's conclusion that the claimant was not disabled because of this pain is erroneous as a matter of law. See Seldomridge v. Ribicoff, 204 F.Supp. 707 (D.C.E.D.Pa., 1962). If this were the sole basic finding of fact upon which the Examiner based his conclusion, it would have to be remanded for reconsideration of the legal standard of disability announced in Butler v. Flemming, supra.

However, the Examiner made an additional basic finding involving the actual employment of the claimant after his alleged onset of disability. The evidence conclusively shows that the claimant was employed as a warehouseman at Fort Polk, for a period of some five months, about two years after the claimed beginning of disability. The Hearing Examiner concluded:

" * * * The evidence fails to show that he was unable to do the work involved in his last jobs because of physical disability."

An examination of the record shows that the claimant drank heavily before and after the period of time in which he was employed as a warehouseman. While the Examiner did not make a specific finding to that effect, the record is such that he reasonably could have inferred that claimant's resignation from this job for "personal reasons" was because of his drinking. He was admitted for treatment at the Central Louisiana State Hospital a short time after he resigned from the warehousing job for an acute brain syndrome associated with alcohol intoxication.

■ There is substantial evidence to support the Hearing Examiner's finding that the claimant had actually engaged in a substantial gainful activity after the claimed onset of disability, and that the cause of his leaving this job was not attributable to a disability within the meaning of the Act.

■ The Hearing Examiner's determination that the multitudinous ills subjectively asserted by the claimant after he was employed as a warehouseman and during the period of coverage were not of a disabling nature also is supported by substantial evidence. Although some of the many doctors who examined him obviously gave him the benefit of the doubt, others, who found no objective signs to support his claims, ruled out his alleged inability to work. While he may not be able to perform hard manual labor because of his back, surely there are many other types of work he could handle.

This man has a reasonably good education (high school graduate) and at the hearing demonstrated better than aver-

age intelligence. It appears to us, and evidently did to the Examiner, that, already drawing $100.00 per month in VA benefits, plus $177.00 per month from the State Welfare Department's Aid to Dependent Children Fund, claimant simply is trying to obtain more money from the Government, which he does not deserve, without working.

Since there is substantial evidence in the record supporting the Hearing Examiner's basic findings of fact, we must, and we do affirm the action of the Secretary in denying this claim.

A proper decree should be presented.